## RASKIN *v.* MAYOR AND ALDERMEN OF SAVANNAH.

An ordinance of the City of Savannah providing that "any person who shall, in the night or day, disturb the peace and quiet of the city in any manner whatsoever, or shall be guilty of any riotous, disorderly, or improper conduct, or keep a disorderly house within the limits of the City of Savannah, . . shall, on conviction before the police court, be fined . . or imprisoned" (as therein provided), does not authorize the recorder of the City of Savannah to try and punish for acts committed beyond the corporate limits of the city but within three miles thereof. This is true notwithstanding the provision of the act of the General Assembly, approved August 11, 1906 (Ga. L. 1906, p. 1033), extending the jurisdiction of the police court of the City of Savannah "to try all offenses against the laws and ordinances of the municipal government of the City of Savannah, committed within the corporate limits of said city and within three miles thereof, and extending into the County of Chatham." Under proper construction of the ordinance only acts committed within the corporate limits of the City of Savannah are declared to be unlawful.

No. 2622.   OCTOBER 14, 1921.

The Court of Appeals (in Case No. 12264) requested instruction from the Supreme Court upon the following question: "An ordinance of the City of Savannah is as follows: 'Any person who shall, in the night or day, disturb the peace and quiet of the city in any manner whatsoever, or shall be guilty of any riotous, disorderly, or improper conduct, or keep a disorderly house within the limits of the City of Savannah, such person shall, on conviction before the police court, be fined in a sum not exceeding one hundred dollars, or be imprisoned not exceeding thirty . . days, or both, at the discretion of the police court; each day's keeping of a disorderly house to be considered a separate offense.' It is provided by an act of the General Assembly of Georgia, approved August 11, 1906 (Ga. L. 1906, p. 1033), that 'the police court of the city of Savannah is hereby continued a court of rec-

ord, and shall have jurisdiction to try all offenses against the laws and ordinances of the municipal government of the City of Savannah, committed within the corporate limits of said city and within three miles thereof, and extending into the County of Chatham, and to punish for the violation of such laws and ordinances by inflicting such punishments as may be provided by law.' Under and by virtue of this act of the legislature, was the recorder of the City of Savannah authorized to administer punishment for a violation of the city ordinance referred to, where the offense occurred outside the corporate limits of the City of Savannah but within three miles thereof? In other words, did this act of 1906 automatically, so to speak, amend the city ordinance referred to, so that that ordinance was violated if the acts therein made penal were done within the corporate limits of the City of Savannah or within three miles thereof?"

*Robert L. Colding*, for plaintiff in error.

*Shelby Myrick* and *Edwin A. Cohen*, contra.

GEORGE, J. If the provision of the act of the General Assembly, approved August 11, 1906 (Ga. L. 1906, p. 1033), quoted above, confers authority upon the Mayor and Aldermen of the City of Savannah to declare penal an act committed beyond the corporate limits of the city but within three miles thereof, the ordinance in question does not undertake to exercise the power conferred. The ordinance must be strictly construed. Under proper construction, only acts committed within the corporate limits of the city of Savannah are declared to be unlawful. The question propounded is therefore answered in the negative.

*All the Justices concur, except Atkinson, J., absent on account of sickness.*