12264. RASKIN *v.* MAYOR AND ALDERMEN OF SAVANNAH.

LUKE, J. In answer to a question certified by this court in this case, the Supreme Court held: " An ordinance of the City of Savannah providing that ' any person who shall, in the night or day, disturb the peace and quiet of the city in any manner whatsoever, or shall be guilty of any riotous, disorderly, or improper conduct, or keep a disorderly house within the limits of the City of Savannah, . . shall, on conviction before the police court, be fined . . or imprisoned ' (as therein provided), does not authorize the recorder of the City of Savannah to try and punish for acts committed beyond the corporate limits of the city but within .three miles thereof. This is true notwithstanding the provision of the act of the General Assembly, approved August 11, 1906 (Ga. L. 1906, p. 1033), extending the juris-

diction of the police court of the City of Savannah 'to try all offenses against the laws and ordinances of the municipal government of the City of Savannah, committed within the corporate limits of said city and within three miles thereof, and extending into the County of Chatham.' Under proper construction of the ordinance only acts. committed within the corporate limits of the City of Savannah are declared to be unlawful." *Raskin* v. *Mayor &c. of Savannah*, 152 *Ga.* —— (108 S. E. 778).

2. Upon the trial of the case in the recorder's court of the City of Savannah, the evidence failed to show that the alleged offenses were committed within the limits of the city, and this point was specifically raised in the petition for certiorari. The judge of the superior court refused to sanction the petition, holding that as the act of the General Assembly of Georgia, approved August 11, 1906 (Ga. L. 1906, p. 1033), had extended the jurisdiction of the recorder's court of the City of Savannah to within three miles of the corporate limits of the city, and, as the petition for certiorari, in raising the question that the venue of the offenses charged had not been shown, alleged merely that it had not been proved that the offenses were committed within the limits of the city, the failure to prove the venue was not sufficiently averred in the petition. Under the ruling in the preceding paragraph the refusal to sanction the petition was error.

   *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
   DECIDED NOVEMBER 16, 1921.

Certiorari; from Chatham superior court — Judge Meldrim. January 13, 1921.

*Robert L. Colding*, for plaintiff in error.

*Shelby Myrick, Edwin A. Cohen*, contra.